**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

                               )
**EDUARDO DUBON MARTINEZ et al.**   )
                               )
           **Plaintiffs,**     )
                               )
**v.**                          )     **Case No. 15-cv-1071 (GMH)**
                               )
**ASIAN 328, LLC et al.**        )
                               )
          **Defendants.**    )
_____)

**MEMORANDUM OPINION**

Before the Court are two pending motions:  (1) Plaintiffs' motion to compel discovery responses from Defendants and for sanctions; and (2) Plaintiffs' motion for an amended scheduling order.  These motions are ripe for resolution.  Upon consideration of the parties' briefs and the entire record herein,[1] the Court will largely grant Plaintiffs' motions.

**BACKGROUND**

Defendant Asian 328, LLC, through its owner, Defendant Ling Zheng, operates a Washington, D.C. restaurant known as "Asia 54."  Am. Compl. ¶¶ 6–10.  Plaintiffs worked for Defendants as kitchen laborers, which included duties such as cleaning, dishwashing, and basic food preparation.  Id. ¶¶ 11, 12, 24, 25, 36, 37.  Plaintiffs filed this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the District of Columbia Wage Payment and Collection Law, D.C. S.T. § 32-1301 et seq.  Am. Compl. ¶ 2.  In their First Amended

---

[1] The relevant docket entries for purposes of this Memorandum Opinion are:  (1) Plaintiffs' First Amended Complaint ("Am. Compl.") [Dkt. 27]; (2) Plaintiffs' Motion to Compel Discovery Responses and for Sanctions ("Mot. to Compel") [Dkt. 44]; (3) Plaintiffs' Motion for a Third Amended Scheduling Order ("Mot. for Am. Sch. Order") [Dkt. 43]; (4) Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion to Compel and for Sanctions ("Mot. for Ext.") [Dkt. 47]; (5) Defendants' Opposition to Plaintiffs' Motion for Sanctions ("Sanctions Opp.") [Dkt. 48]; and (6) Plaintiffs' Reply in Support of Their Motion to Compel and for Sanctions [Dkt. 49] ("Sanctions Reply").

Complaint, Plaintiffs allege that although they worked significant overtime hours, Defendants failed to pay them overtime wages.  Id. ¶¶ 19, 20, 28, 29, 40, 41.  Plaintiffs allege that Defendants owe them approximately $39,000.00 in unpaid wages.  See id. ¶¶ 22, 34, 43.

On February 22, 2016, the parties jointly moved for the Court to enter an amended scheduling order.  Joint Motion for Second Amended Scheduling Order [Dkt. 35].  In addition to amending the typical deadlines for joinder and dispositive motions, the parties specifically requested that the Court enter an order requiring certain discovery responses from Defendants to be provided by specified deadlines.  Id. at 1–2.  The Court issued an amended scheduling order on February 23, 2016, which incorporated the specific deadlines the parties requested.  Second Amended Scheduling Order [Dkt. 38].  In particular, the Court, consistent with the parties' requests, ordered that the following discovery responses should be provided:

1.      Defendants shall produce all of plaintiffs' time and pay records, of whatever nature and in whatever form they exist, on or before March 7, 2016.

2.      Defendant Asian 328, LLC shall produce its tax returns for the last three years on or before March 7, 2016.

3.      Defendant Asian 328, LLC shall produce the full name and contact information of its accountant, as well as the name of the institution where it banks, on or before March 7, 2016.

4.      Defendant Ling Chun Zheng shall produce full and complete responses to plaintiffs' interrogatories and requests for production, propounded on January 22, 2016, on or before March 7, 2016.

Id. at 1–2.  As in all of its scheduling orders, the Court ordered that "any request for an extension or enlargement of time . . . shall be by motion addressed to the Court."  Id. at 2.

On March 10, 2016, Plaintiffs contacted chambers to request a discovery status hearing regarding Defendants' alleged failures to comply with the above deadlines.  The Court held the requested hearing on March 22, 2016.  At the hearing, Plaintiffs represented to the Court that Defendants had only partially responded to some of the discovery items listed in the Court's

Second Amended Scheduling Order and had totally failed to respond to others.  Defendants claimed that they were still in the process of gathering responsive documents.  Defendants offered no excuse for their failure to comply with deadlines which they themselves asked the Court to set.  At the conclusion of the hearing, the Court authorized Plaintiffs to file a motion to compel the discovery responses they sought and to seek sanctions against Defendants for their failure to comply with the Court's order.

Plaintiffs filed their motion to compel and for sanctions on March 29, 2016.  That same day, Plaintiffs also filed a motion requesting another amended scheduling order.  Per the Court's Local Rules and Federal Rule of Civil Procedure 6(d), Defendants' responses to Plaintiffs' motions were due on or before April 15, 2016.  See L. Civ. R. 7(b) (providing 14 days for responses to motions); Fed. R. Civ. P. 6(d) (adding three days to any response time where, among other circumstances, a party is served by electronic means).  Defendants did not file a response to either of Plaintiffs' pending motions by the April 15, 2016, deadline.  Instead, on that day, Defendants filed a motion requesting an extension to April 18, 2016, to file their response to Plaintiffs' motion to compel and for sanctions.  Mot. for Ext. at 1.  Defendants claimed that their counsel "was in the midst of preparing a brief for the District of Columbia Circuit Court of Appeals and was unable to devote sufficient time to timely respond to the Plaintiffs' motion." Id.  Defendants' motion made no reference whatsoever to Plaintiffs' motion for an amended scheduling order.  See id.

On April 18, 2016, the Court granted Defendants leave to file their opposition to Plaintiffs' motion to compel and for sanctions on or before April 19, 2016.  See Apr. 18, 2016 Minute Order.  Defendants filed their opposition that same day.  The opposition addresses only Plaintiffs' request for sanctions, not Plaintiffs' motion to compel discovery responses or motion for an amended scheduling order.  See Sanctions Opp. at 1–3.

## LEGAL STANDARDS

### A.     Motion to Compel

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  If a party does not respond to an interrogatory or request for production of documents, the requesting party may move for an order compelling disclosure of the withheld material.  Id. 37(a).  The party that brings the motion to compel "bears the initial burden of explaining how the requested information is relevant." Jewish War Veterans of the United States of America, Inc. v. Gates, 506 F. Supp. 2d 30, 42 (D.D.C. 2007).  The burden then shifts to the non-moving party "to explain why discovery should not be permitted." Id.  For purposes of a motion to compel under Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a).

### B.     Motion for Sanctions

Federal Rule of Civil Procedure 37 empowers the Court to sanction parties and counsel who fail to comply with its orders or the rules of discovery.  See Fed. R. Civ. P. 37.  Rule 37(b) governs the sanctions available when a party fails to comply with a court order.  Id. 37(b).  Under that subpart, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Id. 37(b)(2)(A).  The Rule then lists several sanctions the court may issue.  Id.  These include:  (1) striking pleadings; (2) treating certain matters as conceded; (3) staying proceedings until the offending party complies with the court's order; (4) dismissing the party's claims in whole or in part; and (5) entering a default judgment against the party.  Id. 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(C) further provides that "[i]nstead of or in addition to the orders above, the court

must order the disobedient party, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially

justified or other circumstances make an award of expenses unjust."  Id. 37(b)(2)(C).

"District courts have 'considerable discretion' in managing discovery, and possess broad

discretion to impose sanctions for discovery violations under Rule 37."  Parsi v. Daioleslam, 778

F.3d 116, 125 (D.C. Cir. 2015) (internal citation omitted) (quoting Bonds v. Dist. of Columbia,

93 F.3d 801, 807 (D.C. Cir. 1996)).  "The central requirement of Rule 37 is that 'any sanction

must be just,' which requires in cases involving severe sanctions that the district court consider

whether lesser sanctions would be more appropriate for the particular violation."  Bonds, 93 F.3d

at 808 (quoting Ins. Corp. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)).  As

such, "[t]he choice of sanction should be guided by the 'concept of proportionality' between

offense and sanction."  Id. at 808 (citation omitted).

## DISCUSSION

### A.      Motion to Compel Discovery Responses

In their motion to compel and for sanctions, Plaintiffs argue that "Defendants made no

effort to comply with the Court's order by March 7, 2016."  Mot. to Compel at 3.  Plaintiffs

assert that on March 10, 2016, their counsel received the following documents from Defendants:

(1) Asian 328, LLC's 2014 tax return; (2) a two-page "payroll journal" for 2014; and (3) Asian

328, LLC's one-page Articles of Organization.  Id.  Upon receiving this response, Plaintiffs'

counsel reached out to the Court to request a discovery status conference.  Id.  After the Court set

the hearing, Defendants produced an additional six pages of documents.  Id.  These documents

consisted of:  (1) four printed screenshots from a mobile phone; (2) one picture of a handwritten

note of unknown origin or significance; and (3) a one-page sheet of handwritten notes that appear

to be a work schedule, also of unknown origin or significance.  Id.  As of the date Plaintiffs filed

the instant motion, Defendants have produced only one additional document:  Defendant Asian

328, LLC's 2013 tax return.  Id.  Defendants have produced no documents or discovery

responses since Plaintiffs filed their motion.  Sanctions Reply at 1.

Plaintiffs' motion will be granted for two reasons.  First, Defendants did not respond to it.

If a non-movant fails to respond to a motion, "the Court may treat the motion as conceded."  L.

Civ. R. 7(b); Fed. Deposit Ins. Corp. v. Bender, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (treating

plaintiff's summary judgment motion as conceded because defendant's opposition was

untimely).  Local Rule 7(b) is a "docket-management tool that facilitates efficient and effective

resolution of motions by requiring the prompt joining of issues."  Fox v. Am. Airlines, 389 F.3d

1291, 1294 (D.C. Cir. 2004).  A court may find a motion conceded pursuant to this Rule even

without notice or an opportunity to explain.  Id. at 1295.  "Rules are rules, and basic fairness

requires that they be applied evenhandedly to all litigants."  Texas v. United States, 798 F.3d

1108, 1114 (D.C. Cir. 2015).  Courts typically decline to enforce Local Rule 7(b), however,

where the offending party demonstrates that its failure to comply was the result of excusable

neglect.  D.A. v. Dist. of Columbia, Civil Action No. 07–1084 (PLF/JMF), 2007 WL 4365452, at

*7 (D.D.C. Dec. 6, 2007).

Here, the Court finds that Defendants have conceded Plaintiffs' motion.  Defendants

make no attempt to oppose the motion to compel in their opposition.  Instead, they address only

the propriety of sanctions.  Sanctions Opp. at 1–3.  Indeed, Defendants failed to address

Plaintiffs' motion to compel despite being granted an extension of time to prepare their response.

See Apr. 18, 2016 Minute Order.  Thus, Defendants were well aware of the motion and the need

to respond.  Because they failed to do so, the Court finds they have conceded it.

Moreover, even if Defendants had timely responded to Plaintiffs' motion, the Court

would still find that that an order compelling discovery responses and entering sanctions against

them is appropriate.[2]  At the hearing on this issue on March 22, 2016, Defendants admitted that

they had not fully complied with the Court's Second Amended Scheduling Order despite the fact

that they <u>jointly</u> requested with Plaintiffs for the Court to enter the deadlines it did.  For the sake

of clarity, the Court will address each of the specific deadlines it set in the Second Amended

Scheduling Order in turn.

> 1.   <u>Defendants shall produce all of Plaintiffs' time and pay records, of whatever nature and in whatever form they exist, on or before March 7, 2016.</u>

Defendants did not produce time or pay records until March 10, 2016, two days after the

deadline set by the Court, when they delivered a two-page document purporting to be

Defendants' payroll journal for 2014.  This document does not mention Plaintiffs specifically

and does not cover the entire period during which Plaintiffs worked for Defendants –

approximately April 2014 through September 2015.  On March 16, 2016, eight days after the

Court's deadline, Defendants produced an additional six pages of documents which appear to be

pay or time records.  However, because they are either phone screenshots or handwritten,

Plaintiffs are unable to discern what the documents purport to record.  Additionally, at the

discovery conference on March 22, 2016, twenty-one days after their production deadline

expired, Defendants' counsel indicated that there may be more time and pay records that

Defendants will produce.

> 2.   <u>Defendant Asian 328, LLC shall produce its tax returns for the last three years on or before March 7, 2016.</u>

Defendant Asian 328, LLC did not produce a tax return until March 10, 2016, two days

late, and even then it only produced its 2014 return.  At the discovery hearing on March 22,

---

[2] The Court observes that Defendants make no challenge to the relevance of the requests at issue.  Nor could they, since they have already agreed to respond to them without objection.

2016, Defendants' counsel admitted he had not even asked his client for its 2013 tax return.  On

March 24, 2016, Defendants produced the 2013 return.  However, Defendants have yet to

produce the 2015 return or, if Defendant will seek an extension of the return filing deadline,

provide a date to Plaintiffs when that return will be completed.

> 3.      Defendant Asian 328, LLC shall produce the full name and contact
> information of its accountant, as well as the name of the institution where
> it banks, on or before March 7, 2016.

Defendant Asian 328, LLC has not produced this information.  Though it eventually

produced tax returns which bear the name of its tax preparer for those tax years, it has never

expressly stated who its accountant may presently be.  Without that declaration, Plaintiffs are left

guessing whether the Defendant's 2013 and 2014 tax preparer is Defendant's current accountant.

Additionally, Plaintiffs represent that Defendant has refused to provide the name of the

institution where it banks.

> 4.      Defendant Ling Chun Zheng shall produce full and complete responses to
> plaintiffs' interrogatories and requests for production, propounded on
> January 22, 2016, on or before March 7, 2016.

Plaintiffs contend that Defendant Zheng has completely failed to comply with this portion

of the Court's Order, even after the March 22, 2016, discovery hearing.

The discovery obligations set forth in the Court's Second Amended Scheduling Order

were eminently clear.  Defendants' responses, however, were at best "evasive [and] incomplete"

and are therefore to be treated as no response at all.  Fed. R. Civ. P. 37(a).  Accordingly, the

Court will grant Plaintiffs' motion to compel further responses to these requests.[3]

---

[3] Additionally, because Defendants never responded to Plaintiffs' motion for an amended scheduling order, the
Court will issue a separate Third Amended Scheduling Order contemporaneously with this Memorandum Opinion
setting forth new deadlines consistent with Plaintiffs' motion.

**B.      Motion for Sanctions**

In their motion, Plaintiffs request reimbursement for their attorney's fees expended in relation to Defendants' failure to produce discovery responses under the Court's Second Amended Scheduling Order.  Mot. to Compel at 7–9.  The Court will first consider whether an award of fees is appropriate and then calculate the proper amount of the award.

1.      Entitlement to Award of Fees

As noted above, Rule 37(b)(2)(C) requires the court to order a disobedient party, its attorney, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  "This Court has previously observed that 'the language of the Rule itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist.'"  DL v. Dist. of Columbia, 251 F.R.D. 38, 49 (D.D.C. 2008) (citation omitted) (quoting Cobell v. Norton, 226 F.R.D. 67, 90 (D.D.C. 2005)).

Here, the Court finds that Plaintiffs should be awarded their attorney's fees resulting from Defendants' failure to provide discovery responses in compliance with this Court's Second Amended Scheduling Order.  Defendants failed to adhere to the Court's deadlines even though they joined with Plaintiffs to request that the Court enter those specific deadlines.  See Cobell v. Babbit, 188 F.R.D. 122, 140 (D.D.C. 1999) (awarding attorney's fees as a contempt sanction where defendants "proposed a clear and unambiguous order for this court's signature" but then proceeded to violate the order once it was signed).  If Defendants felt that they could not adhere to those deadlines, they should not have requested that the Court set them.  Once the Court did

so, it behooved Defendants to comply or, at very least, ask the Court for additional time to comply.  Defendants did neither.

Defendants do not try to justify their failure.  <u>See</u> Sanctions Opp.  Instead, in their opposition, Defendants argue that sanctions are inappropriate because Plaintiffs "come to the Court with unclean hands."  <u>Id.</u> at 1.  Defendants contend that Plaintiffs have failed to provide responses to their discovery requests.  <u>Id.</u> at 2.  In Defendants' view, Plaintiffs should not be permitted to complain to the Court about Defendants' discovery abuses when Plaintiffs have not obeyed their own discovery obligations.  <u>Id.</u>  Plaintiffs contradict these assertions, claiming that they have timely and fully responded to Defendants' discovery requests.  Sanctions Reply at 2.

Defendants' argument on the propriety of sanctions is irrelevant.  Defendants' obligations under this Court's orders are independent of any obligations Plaintiffs may have.  <u>See</u> <u>Covad Commc'ns Co. v. Revonet, Inc.</u>, 262 F.R.D. 1, 3 (D.D.C. 2009) (finding that a party cannot "condition its compliance with discovery demands on [the opposing party's] complying with [its] discovery demands").  Defendants' finger-pointing defense does nothing to show the Court why Defendants were unable to comply with the Court's order.  Furthermore, even assuming that Plaintiffs have shirked their discovery obligations, those discovery violations are not before this Court, and a party "is not justified in providing insufficient answers just because [the other party] did."  <u>Covad Commc'ns Co. v. Revonet, Inc.</u>, 258 F.R.D. 17, 24 (D.D.C. 2009); <u>Barnes v. Dist. of Columbia</u>, 289 F.R.D. 1, 10 (D.D.C. 2012).  In short, Defendants have not satisfied the Court that their failure to abide by the Second Amended Scheduling Order was "substantially justified" or that other circumstances render an award here unjust.  Fed. R. Civ. P. 37(b)(2)(C).  Absent either of those circumstances, the Rule mandates that the Court award Plaintiffs their fees.  <u>Id.</u>; <u>DL</u>, 251 F.R.D. at 49.

Accordingly, Plaintiffs are entitled to an award of reasonable costs and attorney's fees resulting from Defendants' failure to fully comply with the Court's directives in the Second Amended Scheduling Order.[4]

2.       Appropriate Fee Award

"When requesting attorneys' fees under Rule 37, the moving party bears the burden of proving that the request is reasonable."  Davis v. Dist. of Columbia, 304 F.R.D. 51, 63 (D.D.C. 2014).  A district court has broad discretion in determining an appropriate attorney's fees award.  Beck v. Test Masters Educ. Servs., Inc., 289 F.R.D. 374, 382 (D.D.C. 2013).  To arrive at a final award, courts employ the "lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended."  Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008).

Reasonable rates are those "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Covington v. Dist. of Columbia, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (internal quotation marks omitted).  In the recent Eley decision, the D.C. Circuit observed that determining a prevailing market rate is "inherently difficult," but nevertheless emphasized the "importance of fixing the prevailing hourly rate in each case with a fair degree of accuracy."  Eley v. Dist. of Columbia, 793 F.3d 97, 100 (D.C. Cir. 2015) (internal quotations omitted).  To meet its burden to show that the requested rate is reasonable, a party must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

---

[4] Although they are entitled to seek their costs under Rule 37, Plaintiffs provide no evidence of them in their motion. The Court will therefore award only attorney's fees.

One type of additional evidence permitted in this Circuit is attorney's fee matrices, such as the <u>Laffey</u> Matrix prepared by the Civil Division of the United States Attorney's Office for the District of Columbia ("USAO <u>Laffey</u> Matrix").  <u>See</u> <u>Beck</u>, 289 F.R.D. at 383; <u>United States v. Dynamic Visions Inc.</u>, 307 F.R.D. 299, 303 (D.D.C. 2015); <u>Tequila Centinela</u>, 248 F.R.D. at 68. The USAO <u>Laffey</u> Matrix was created to demonstrate the "prevailing rates in the community for lawyers of comparable skill, expertise and reputation in complex federal litigation."  <u>Laffey v. Nw. Airlines, Inc.</u>, 572 F. Supp. 354, 371–72 (D.D.C. 1984).  A party can also use other evidence to supplement its reliance on a fee matrix, including "surveys to update the[m]; affidavits reciting the precise fees that attorneys with similar qualifications have received from fee-paying clients in comparable cases; and evidence of recent fees awarded by the courts or through settlement to attorneys with comparable qualifications handling similar cases."  <u>Eley</u>, 793 F.3d at 101 (quoting <u>Covington</u>, 57 F.3d at 1109); <u>see also</u> <u>id.</u> at 104, n.5 ("Evidence of the prevailing market rate can take many forms."); <u>Covington</u>, 57 F.3d at 1113 (Henderson, J. dissenting) ("'A statistically reliable, well-documented, and extensive survey of the rates clients pay for a certain sub-market of legal services would be powerfully persuasive.'").

However, the Court of Appeals has clarified since the decision in <u>Eley</u> that a party may face a lower burden to justify the application of <u>Laffey</u> rates unless their opponent identifies "a submarket in which attorneys' hourly fees are generally lower than the rates in . . . the <u>Laffey</u> Matrices."  <u>Salazar ex rel. Salazar v. Dist. of Columbia</u>, 809 F.3d 58, 64 (D.C. Cir. 2015).  In that case, because the party opposing the fee award did not identify such a submarket, the D.C. Circuit concluded that it had "acquiesce[ed] in the notion that the litigation at issue qualifies as complex federal litigation (as to which the <u>Laffey</u> Matrices apply)."  <u>Id.</u>  Although the dispute there was over two species of the <u>Laffey</u> Matrix – the USAO version and the "LSI" version

(which has higher rates) – the holding in Salazar puts at least some of the onus on the fee

opponent to challenge the use of Laffey rates.  See id.

   To support the reasonableness of the hours for which a party seeks reimbursement, that

party must "maintain contemporaneous, complete and standardized time records which

accurately reflect the work done by each attorney."  Weisberg v. Webster, 749 F.2d 864, 873

(D.C. Cir. 1984) (quotation omitted).  In other words, the party must submit "a log of the hours

for which they request compensation, supported by a sworn declaration from the supervising

attorney."  Beck, 289 F.R.D. at 384.  The attorney's declaration should provide not only

information about the attorney's experience and billing rates – it should also describe the work

performed and "the process by which the records were produced."  Id.  This is especially

important for fee awards under Rule 37, since a "near 'but for' relationship must exist between

the Rule 37 violation and the activity for which fees and expenses are awarded."  Cobell, 188

F.R.D. at 127 (citation omitted).  Courts, utilizing their broad discretion under Rule 37, may

make an independent assessment of whether the hours claimed are justified.  Beck, 289 F.R.D. at

384.

   Here, Plaintiffs' counsel avers that the attorney's fees his clients incurred as a result of

Defendants' failure to comply with the Court's order totals $3,452.80.  Mot. to Compel at 8.

Counsel further avers he has at least six years of experience, making the applicable USAO

Laffey rate $332.00 per hour.  See http://www.justice.gov/sites/default/files/usaodc/legacy/

2014/07/14/Laffey%20Matrix_2014-2015.pdf.  Plaintiffs' counsel avers that the time entries he

set forth in Plaintiffs' motion were contemporaneously recorded.  Pl. Mot. at 8–9.  Those time

entries contain a detailed description of the work performed.  See id.  In Plaintiffs' reply,

Plaintiffs' counsel updated the time chart to reflect the time spent reviewing Defendants' filings

and preparing the reply.  See Sanctions Reply at 2–3.

13

The Court first finds that Plaintiffs' requested rate is reasonable. Defendants do not challenge the application of USAO <u>Laffey</u> rates nor, consistent with <u>Salazar</u>, point to any submarket in the legal community in which Plaintiffs' counsel fits which would warrant a reduced rate. <u>See</u> Sanctions Opp. As such, Defendants have conceded that this case qualifies as "complex federal litigation" for which full USAO <u>Laffey</u> rates are appropriate. <u>Salazar</u>, 809 F.3d at 64. Additionally, Plaintiffs have proffered sufficient evidence, in addition to their attorney's sworn statements, to support the application of USAO <u>Laffey</u> rates to this type of litigation. <u>See</u> <u>Eley</u>, 793 F.3d at 100. Plaintiffs point out that Courts in this District routinely award USAO <u>Laffey</u> rates in in Fair Labor Standards Act cases. <u>See</u> <u>Ventura v. L.A. Howard Constr. Co.</u>, Case No. 14–cv–01884 (CRC), 2015 WL 6153310, at *2 (D.D.C. Oct. 19, 2015) (collecting cases); <u>see</u> <u>also</u> <u>Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.</u>, 675 F.2d 1319, 1325 (D.C. Cir. 1982) ("Recent fees awarded by the courts or through settlement to attorneys of comparable reputation and experience performing similar work are . . . useful guides in setting an appropriate rate."). Further, for Plaintiffs' D.C. Wage Payment and Collection Law claim, the D.C. Council has prescribed in the statute itself that the appropriate hourly rate in such cases should be the applicable USAO <u>Laffey</u> rate. <u>See</u> D.C. Code § 32-1308(b)(1). Thus, the Court finds that Plaintiffs have justified the application of USAO <u>Laffey</u> rates to the instant fee award.

Next, the Court will reduce Plaintiffs' claimed hours <u>sua</u> <u>sponte</u> because they claim some non-compensable and excessive time. First, in this Circuit, attorneys may only recover half travel time. <u>Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt</u>, 752 F. Supp. 2d 1, 10 (D.D.C. 2010) (citing <u>Cooper v. U.S. R.R. Retirement Bd.</u>, 24 F.3d 1414, 1417 (D.C. Cir. 1994)). Thus, the Court will reduce Plaintiffs' .4 hours of claimed travel time on March 22, 2016, to .2 hours. Second, the Court will not compensate Plaintiffs for their counsel's .2 hours spent reviewing the Court's Second Amended Scheduling Order. Because counsel would have

been under an obligation to review that order notwithstanding Defendants' misconduct, Halmon, 355 F. Supp. 2d at 244, Defendants' misconduct was not a but-for cause of that time expenditure. Cobell, 188 F.R.D. at 127.  Similarly, the Court will not compensate counsel for the 1 hour spent reviewing and drafting an opposition to Defendants' motion for extension of time to file their response to Plaintiffs' motion because there is not a close causal link between Defendants' discovery violations and a routine request for extension of time to file a brief.

Third, the Court will eliminate as excessive:  (1) .7 hours spent on preparation of Plaintiffs' motion to amend the scheduling order – leaving .5 compensable hours for that time entry; and (2) 1 hour spent on April 26, 2016, drafting Plaintiffs' reply – leaving .5 hours compensable hours for that entry.  See Cobell v. Norton, 407 F. Supp. 2d 140, 161 (D.D.C. 2005) (noting that "fee requests must be scrutinized for 'excessive, redundant or otherwise unnecessary' hours 'which firms would have excluded from bills to their own clients'") (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The Court finds that the motion for an amended scheduling order was simple, straightforward, and should not have reasonably required more than thirty minutes to draft.  Similarly, Plaintiffs' counsel claims to have spent a total of 2.2 hours on April 18 and April 26 reviewing Defendants' opposition to Plaintiffs' motion and drafting Plaintiffs' reply, yet Defendants' opposition amounted to only two pages while Plaintiffs' reply was three.  Furthermore, Plaintiffs' reply reflects no legal research and instead contains only a few statements contesting Defendants' factual assertions and an updated time chart.  As such, the Court finds the time expenditure unreasonably high.

Beyond these minor problems, the Court finds that Plaintiffs' requested hours are reasonable.  In their opposition, Defendants offer feeble resistance to Plaintiffs' proposed fee award.  Sanctions Opp. at 2.  Defendants claim, without explanation, that it took (or should take) only forty-five minutes to draft the motion for sanctions and "approximately an hour" to appear

in court for the discovery status conference.  Id.  The unsworn assertions of Defendants' counsel and the complete absence of authority supporting those assertions do not convince the Court that the challenged entries are unreasonable.

Accordingly, the Court will subtract 3.1 hours from Plaintiffs' fee request.  That leaves a total of 10.5 compensable hours.  At a rate of $332.00 per hour, Plaintiffs' total fee award will be $3,486.00.[5]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel and for sanctions [Dkt. 44] will be **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs' motion for an amended scheduling order [Dkt. 43] will be **GRANTED**.

An appropriate Order will accompany this Memorandum Opinion.


Date:  April 27, 2016                         _____

                                              G. MICHAEL HARVEY
                                              UNITED STATES MAGISTRATE JUDGE

---

[5] In addition to their fee request, Plaintiffs also propose that the Court "give Defendants another chance, but attach real consequences to their present strategy of stonewalling Plaintiffs."  Id. at 7.  Plaintiffs suggest that the Court "order the Defendants to comply with the directives contained in the Second Amended Scheduling Order" and, if they again fail to comply, the Court should prohibit them "from disputing the hours worked or compensation paid to Plaintiffs, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii)."  Id.  The Court will warn Defendants that failure to comply with the order to produce filed herewith this Memorandum Opinion by May 11, 2016, will subject them to harsher sanctions, including possible evidentiary sanctions and monetary sanctions against Defendants and their counsel. However, the Court will not commit to any specific sanction prior to assessing the facts and circumstances surrounding any future noncompliance.