UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**EDUARDO DUBON MARTINEZ et al.** )
                              )
          **Plaintiffs,**     )
                              )
v.                            )   Case No. 15-cv-1071 (GMH)
                              )
**ASIAN 328, LLC et al.**     )
                              )
          **Defendants.**     )
_____)

## MEMORANDUM OPINION

Before the Court is Plaintiffs' motion for partial summary judgment. The motion asks the Court to rule that, as a matter of law, Defendant Ling Zheng was Plaintiffs' "employer" for purposes of their claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.* Upon consideration of the parties' briefs and the entire record herein,[1] the Court will grant the motion in part and deny it in part.

### BACKGROUND

**A.     Defendant's Response to Plaintiffs' Motion**

As in every motion for summary judgment, Plaintiffs, the movants here, submitted a statement of material facts which they claim support the entry of partial summary judgment against Defendants. *See* Pl. Mot., Statement of Material Facts ("SOF") [Dkt. 58-1]. In their opposition, Defendants attached a "Statement of Genuine Issues of a Material Fact That Are in Dispute." Opp.

---

[1] The relevant docket entries for purposes of this Memorandum Opinion are: (1) Plaintiffs' First Amended Complaint ("Am. Compl.") [Dkt. 27]; (2) Plaintiffs' Motion for Partial Summary Judgment ("Mot.") [Dkt. 58]; and (3) Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opp.") [Dkt. 59].

at 3.[2] The one-page document contains three numbered paragraphs which Defendants claim explain the facts in dispute in this case that prevent the entry of partial summary judgment at this time. *See id.* Those three disputes of fact are, in Defendants' view:

> (1) Whether the Defendants were involved in interstate commerce, during the times alleged in the Plaintiffs' complaint.
>
> (2) Whether the Defendants had $500,000.00, in gross annual business, during the times alleged in the Plaintiffs' complaint.
>
> (3) Whether all of the Plaintiffs were employed, with the Defendants, during the times alleged in their complaint.

*Id.* None of these paragraphs cite to any evidence whatsoever.

By failing to address Plaintiffs' asserted statements of material fact, and by failing to provide any evidence whatsoever supporting their own purported disputes of fact, Defendants have conceded each and every fact asserted by Plaintiffs. *See* Fed. R. Civ. P. 56(e) (failing to properly address a fact permits the court to find that the fact is undisputed for purposes of the summary-judgment motion); Fed. R. Civ. P. 56(c)(1) (requiring the party opposing summary judgment to provide citations to record evidence supporting their asserted disputes of fact); L. Civ. R. 7(h) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *Laningham v. U.S. Navy*, 813

---

[2] Defendants filed their opposition to Plaintiffs' motion on August 31, 2016, nearly two weeks after the expiration of the deadline for doing so. *See* July 25, 2016 Minute Order (setting dispositive motion deadlines). Defendants have not requested leave of the Court to file their opposition out of time.
    The Court could strike Defendants' opposition solely on the basis that it is late and accompanied by no explanation for its tardiness. *See* L. Civ. R. 7(b); Fed. Deposit Ins. Corp. v. Bender, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (treating plaintiff's summary judgment motion as conceded because defendant's opposition was untimely); D.A. v. Dist. of Columbia, Civil Action No. 07–1084 (PLF/JMF), 2007 WL 4365452, at *7 (D.D.C. Dec. 6, 2007) (noting that a court will consider late filings only when the offending party makes some showing of excusable neglect of the deadline). Parties to litigation in this Court are "obligated to monitor the court's docket," Fox v. Am. Airlines, 389 F.3d 1291, 1294 (D.C. Cir. 2004), and the Court's schedule for dispositive motions was entered by Defendants' consent and has been in force since late July. Defendants offer no excuse, and there could be none, for their untimely filing. Yet the Court need not strike Defendants' opposition, because even if the Court considers it, the Court would still find that Defendants have essentially conceded Plaintiffs' motion.

F.2d 1236, 1241 (D.C. Cir. 1987) (the party opposing summary judgment "may not rest upon mere allegation or denials of his pleadings but must present affirmative evidence showing a genuine issue for trial").

Accordingly, the undisputed facts set forth below are drawn from Plaintiffs' statement of material facts and from the record evidence Plaintiffs submitted in connection with their motion.

### B.     Undisputed Facts

Defendant Asian 328, LLC, through its owner, Defendant Zheng, operates a Washington, D.C. restaurant known as "Asia 54." Am. Compl. ¶¶ 6–10. Plaintiffs worked for Defendants as kitchen laborers, which included duties such as cleaning, dishwashing, and basic food preparation. *Id.* ¶¶ 11, 12, 24, 25, 36, 37. Plaintiffs filed this action pursuant to the FLSA and DCWPCL, alleging that although they worked significant overtime hours, Defendants failed to pay them overtime wages. *Id.* ¶¶ 19, 20, 28, 29, 40, 41. Plaintiffs claim that Defendants owe them approximately $39,000.00 in unpaid wages. *See id.* ¶¶ 22, 34, 43.

The facts relevant to the resolution of Plaintiffs' motion are straightforward. At all relevant times, Defendant Zheng was the sole owner and member of Defendant Asian 328, LLC. Pl. Mot., Ex. A ¶ 1; Pl. Mot., Ex. B. 8:9–21. Zheng averred that her former co-defendant and a co-worker at Asia 54, Cai Chen, is merely an employee, not an officer, of the company. Pl. Mot., Ex. A ¶ 4. In her capacity as owner and sole member, Zheng exercised exclusive control over the operations of Asia 54. *See id.* ¶ 2; Pl. Mot., Ex. B 9:14–10:4. For instance, Zheng alone had the power to hire and fire restaurant employees, set their work schedules, and set their rates of pay. Pl. Mot., Ex. A ¶ 2; Pl. Mot., Ex. B 9:4–10:4, 31:2–8. Because most or all employees were paid in cash, she was also the person to physically hand employees their wages. *See* Pl. Mot., Ex. B ¶ 21:19–

22:20. Indeed, Zheng wielded such total control over Defendant Asian 328, LLC that she sometimes used the corporate account to pay personal expenses. Pl. Mot., Ex. B 37:20–45:8 (describing checks written from corporate account to pay Zheng's and her sister's mortgages).

At her deposition, Zheng admitted to hiring Plaintiffs Martinez and Amaya to work at her restaurant. Pl. Mot., Ex. B 20:8–23:1, 24:6–29–8. She also kept records regarding payment of Amaya's wages, though she did not do the same with respect to Martinez. *See id.* 22:3–11, 26:14–28:16. She testified that she did not know Plaintiff Sanchez and that he never worked at her restaurant. *Id.* 29:20–30:8. She stated that he had come into her restaurant once to find his friend, Plaintiff Amaya, but that was the extent of her interactions with him. *Id.* 30:9–20, 53:20–54:2. When pressed as to whether she might have employed Sanchez and simply forgotten about it, she remained firm, testifying that no one works at her restaurant without her knowledge, since she alone hires, fires, and pays employees. *See id.* 30:21–31:8.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Initially, the moving party has the burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met this burden, the non-moving party must designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In order to establish that a fact is

or is not genuinely disputed, a party must (a) cite to specific parts of the record – including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence – in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). While the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-movant's favor, *Grosdidier v. Broad. Bd. of Gov.*, 709 F.3d 19, 23–24 (D.C. Cir. 2013), the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position; instead, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252. Moreover, as noted above, the non-moving party "may not rest upon mere allegation or denials of his pleadings but must present affirmative evidence showing a genuine issue for trial." *Laningham*, 813 F.2d at 1241 (internal quotation marks and citation omitted); *Ass'n of Flight Attendants–CWA, AFL–CIO v. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009) (conclusory assertions without support from record evidence cannot create a genuine dispute). Indeed, a moving party may succeed on summary judgment simply by pointing to the absence of evidence proffered by the non-moving party. *Anderson*, 477 U.S. at 249 ("If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

## DISCUSSION

The purpose of Plaintiffs' motion appears to be to resolve a misapprehension by Defendant Zheng – namely, that she will not be liable for damages or attorney's fees this case, only her business. That is incorrect. As show below, under the broad reach of the FLSA and DCWPCL, Zheng qualifies as Plaintiff Martinez and Amaya's "employer." This, in turn, means that she will be individually liable – jointly and severally with Defendant Asian 328, LLC – for any unpaid wages

and overtime compensation, liquidated damages, and attorney's fees awarded to those Plaintiffs at trial. The same goes for Plaintiff Sanchez, although the jury must first resolve the factual dispute regarding whether Sanchez actually worked in Defendants' restaurant.

The FLSA requires employers to pay their workers a minimum wage and, if the employee works more than forty hours in a workweek, overtime compensation. 29 U.S.C. § 207(a)(1). The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within seven days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2). Plaintiffs allege violations of both statutes, but for present purposes the Court need only inquire whether Defendant Zheng meets the threshold requirement of being Plaintiffs' "employer" as contemplated in each statute.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Similarly, the DCWPCL states that an "employer" is "every individual . . . employing any person in the District of Columbia." Neither definition is terribly specific, *see Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10 (D.C. Cir. 2001), but courts have helped refine what facts must be proved to show that a person is an "employer" in a particular case.

Courts in this District treat the definition of "employer" under each of these statutes as coterminous. *See Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 1, 5 & n. 2 (D.D.C. 2010). The term "employer" is broadly construed in order to serve the remedial purposes of the act. *Id.* Relying on Supreme Court precedent, our Court of Appeals has instructed that this Court should consider the "economic reality" of the relation between the plaintiff and the alleged employer-defendant. *Id.* at 11 (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). To that end, the Court must examine a multi-factor test designed to probe "the extent to which typical employer prerogatives govern the relationship between the putative employer and employee."

6

*Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Those factors include whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Morrison*, 253 F.3d at 11. No one factor is dispositive; courts look at the totality of the circumstances and consider all relevant evidence. *Id.*

Applying this test, courts in this District have held that, "[a]t minimum, an individual who exercises operational control over an employee's wages, hours, and terms of employment qualifies as an 'employer,' and is subject to individual liability." *Guevara v. Ischia, Inc.*, 47 F. Supp. 3d 23, 26 (D.D.C. 2014). This includes individuals who own or manage a business that employs workers. *See Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 1, 6 (D.D.C. 2010) (restaurant owner was individually liable as an employer because "he ha[d] operational control over the corporate defendants," had "a significant ownership interest in the corporate defendants," and had "the power to hire and fire, control work schedules and supervise employees, determine pay rates, and maintain employment records"); *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 102 n.1 (D.D.C. 2015) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."); *see also Thompson v. Linda and A., Inc.*, 779 F. Supp. 2d 139, 152 (D.D.C. 2011) ("The FLSA's definition of employer is broad enough to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees.") (internal quotation marks omitted).

As many business owners learn, perhaps to their dismay, the FLSA makes them individually liable for any judgment entered against them in a wage and hour case brought by employees of their business. This case is no different. It is undisputed that Defendant Zheng is the sole owner

7

and member of Defendant Asian 328, LLC. She exercised total control over the operations of the restaurant, including making all decisions to hire and fire employees, set pay rates, set work schedules, and keep employment records. As such, she constituted Plaintiff Martinez and Amaya's "employer" under D.C. and federal law. Even drawing all reasonable inferences in Defendants' favor, there is no basis on which a reasonable jury could find that Zheng did not employ these two Plaintiffs. If she believed that interposing a single-member LLC between herself and her employees would insulate her from personal liability in case such as this one, she was mistaken. And in any case, she hardly recognized the business as a separate entity, as she used its funds to pay her personal expenses.

Defendants' opposition, which offers a single page of argument, does not change this result. In their opposition, Defendants contend that the jury must decide (1) whether Defendant Zheng was Plaintiffs' employer, (2) whether Defendants engaged in interstate commerce, (3) whether Defendants had $500,000 in gross annual business, and (4) whether Defendants are liable under the DCWPCL. Opp. at 1, 3. Taking them in reverse order, Points (2), (3), and (4) have nothing to do with the present motion. They are arguments outside the scope of Plaintiffs' limited request for partial summary judgment on the narrow issue of whether Zheng meets the definition of "employer" under the FLSA and DCWPCL. For instance, as to Point (4), Defendants' liability under the DCWPCL must still be decided by the jury despite the Court's decision that one small piece of that claim – Zheng's status as "employer" – can be decided as a matter of law. As for Points (2) and (3), these relate to the jurisdictional coverage of the FLSA, not whether Zheng qualifies as Plaintiffs' employer under that statute. *See* 29 U.S.C. §§ 203, 216–217. In other words, the Court may find that Zheng is Plaintiffs' employer and yet the jury may also find that, based on the nature of the work Plaintiffs performed or the annual revenues of Defendants' business, the protections of the FLSA do not apply. *See Morales v. Humphrey*, Civil Action No. 14-

1363 (JEB), 2016 WL 2901722, at *3 (D.D.C. May 18, 2016) (observing that the FLSA "[does] not apply to all employers," only those "who are part of an enterprise engaged in commerce or in the production of goods for commerce"). Defendants will be permitted to present the jury with their evidence on these three points at trial notwithstanding the grant of summary judgment entered today.

Defendants' first point is relevant to the instant motion but is ultimately unavailing because Defendants do no more than state that the issue of whether Defendant Zheng employed Plaintiffs is a jury question. Defendants cite no case law supporting the notion that the undisputed facts do not merit the entry of summary judgment on this issue. At best, Defendants argue that Plaintiffs "are trying to try their [sic] in the pleadings," but again, Defendants offer no elaboration on this argument or citation to authority. Defendants' conclusory statement that summary judgment is improper is not enough to resist it. *Laningham*, 813 F.2d at 1241; *Ass'n of Flight Attendants– CWA, AFL–CIO*, 564 F.3d at 465–66.

The same is not true for Plaintiff Sanchez. Despite Defendants' failure to meaningfully respond to Plaintiffs' motion, the record submitted by Plaintiffs themselves demonstrates a material factual dispute regarding whether Defendants ever employed him. As noted above, Defendant Zheng, who hired, fired, and paid every employee at the restaurant, claimed not to know Plaintiff Sanchez. She testified that she had seen him once, but was steadfast in her belief that she had never employed him, unlike Plaintiffs Martinez and Amaya. Therefore, the Court finds that reasonable jury, viewing the evidence in the light most favorable to Defendants, could find that Defendant Zheng did not employ Plaintiff Sanchez. Resolution of this factual dispute must await the jury's decision.

Accordingly, the Court reaches the inescapable conclusion that Defendant Zheng is, for purposes of this case, Plaintiff Martinez and Amaya's "employer" as that term is defined under the

FLSA and DCWPCL. She will be individually liable, along with her LLC, for any judgment for damages granted in their favor in this matter. Additionally, if the jury concludes that Plaintiff Sanchez worked for her too, she will also be individually liable for his damages. Of course, as emphasized above, this is only a motion for partial summary judgment; it is still up to Plaintiffs to prove the rest of their *prima facie* case, including whether Plaintiffs were employed in an enterprise engaged in commerce or the production of goods for commerce, and whether they were actually denied wages, overtime, or timely payment as required by law.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment [Dkt. 58] will be **GRANTED IN PART** and **DENIED IN PART** – specifically, the motion is granted as to Plaintiffs Martinez and Amaya and denied as to Plaintiff Sanchez.

An appropriate Order will accompany this Memorandum Opinion.


Date: September 6, 2016                              _____
                                                     G. MICHAEL HARVEY
                                                     UNITED STATES MAGISTRATE JUDGE