EXHIBIT

B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANCISCO BARAHONA**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **ARCARDIA E. ROSALES,** <br><br> **Defendant.** | **Civil Action No. 15-1381 (JEB)** |

## ORDER

On July 27, 2016, this Court entered a default judgment for Plaintiffs in the amount of $36,348.31, including actual and liquidated damages, plus attorney fees. See ECF No. 18 (Memorandum Opinion and Order). On August 11, Plaintiffs moved to amend the judgment to increase the liquidated-damages award pursuant to their reading of D.C. Code § 32-1303(4). See ECF No. 19 (Motion to Alter or Amend). The Court agrees with Plaintiffs that liquidated damages should be calculated by multiplying actual damages by four, not by three, and thus enters an amended judgment for $39,595.71.

**I.      Analysis**

In its prior Opinion, the Court awarded a total of $21,427.25 in damages to the four Plaintiffs, plus attorney fees. See Mem. Op. at 11. The Court reached this amount by multiplying the actual damages by three under the D.C. Wage Payment and Collection Law (DCWPCL), D.C. Code § 32-1303. That statute provides that an employer who does not pay appropriate wages "shall pay, or be additionally liable to, the employee, as liquidated damages, . . . an amount equal to treble the unpaid wages." Id. § 32-1303(4). The statute is not entirely clear as to whether the unpaid wages should simply be multiplied by three (as the Court did) or

1

instead multiplied by three (liquidated damages) and then added to the original amount (actual damages). Put more simply, should the Court multiply by three or by four?

By using language slightly different from the DCWPCL, a related D.C. law sheds some light on the quandary. The D.C. Minimum Wage Act (DCMWA) provides that a delinquent employer is "liable to [an] employee in the amount of unpaid wages, statutory penalties, and <u>an additional amount as liquidated damages</u> equal to treble the amount of unpaid wages." D.C. Code § 32-1012(b)(1) (emphasis added). The liquidated-damages provision of the DCMWA parallels the DCWPCL; both were changed on December 23, 2013, to impose treble damages. This is strong evidence that courts should multiply actual damages by four in the case of each statute.

A survey of several other states' unpaid-wage penalties leads to the same conclusion. For instance, West Virginia's law prior to June 2015 stated that "<u>in addition</u> to the amount which was unpaid when due, [the employer] is liable to the employee for three times that unpaid amount as liquidated damages." W. Va. Code § 21-5-4(e) (law now provides for liability "for two times that unpaid amount as liquidated damages"). The court in <u>Citynet, LLC v. Toney</u>, 772 S.E.2d 36, 55 (W. Va. 2015), interpreted the prior provision as prescribing multiplication by four. Similarly, the Indiana Code provides, "<u>In addition</u>, [if the employer did not act in good faith], the court shall order, as liquidated damages . . . that the employee be paid an amount equal to two (2) times the amount of wages due the employee." Ind. Code § 22-2-5-2. The court in <u>Valdez v. R.T. Enterprises, Inc.</u>, 647 N.E.2d 331, 332–33 (Ind. Ct. App. 1995), interpreted this as a multiplier of three.

Absence of the "in addition" language, conversely, indicates the lower multiplier. Maryland's statute specifies that "the court may award the employee an amount not exceeding 3

2

times the wage," Md. Code, Lab. & Empl. § 3-507(b)(1), which the court in Imgarten v. Bellboy Corp., 383 F.Supp.2d 825, 850 (D. Md. 2015), explicitly interpreted to mean not "treble damages in addition to the unpaid wage," but rather a "cap[] . . . at three times that wage." Id. at 850. In a similar vein, Massachusetts law provides that employees who successfully prove their unpaid wage cases "shall be awarded treble damages, as liquidated damages." Mass. Gen. Laws ch. 149 § 150. In Feygina v. Hallmark Health System, Inc., 31 Mass. L. Rptr. 279, 279 (Sup. Ct. Mass. 2013), the court interpreted this language to mean a total of treble damages.

This review of the caselaw thus makes manifest that the DCWPCL requires that an actual damage award should be multiplied by four.

## II. Calculation

Based on the foregoing analysis (and the fact that a portion of Plaintiff Barahona's damages were accrued before the DCWPCL changed in December 2013 to provide for quadruple damages), the Court calculates damages as follows. The total damages include the indicated multiple of the unpaid wages, plus the uniform costs. (It appears that in the prior Opinion, the uniform costs were inadvertently tripled.)

|  | Actual unpaid wages | Liquidated damages | Uniform damages |
|---|---|---|---|
| **Francisco Barahona** (August 12, 2012 – June 3, 2014) | $1,617.00 | $1,617.00 (x1) | $431.20 |
| **Francisco Barahona** (July 1, 2014 – June 30, 2016) | $1,072.00 | $3,216.00 (x3) | $248.80 |
| **Juan Carlos Ramirez** | $286.00 | $858.00 (x3) | $57.60 |
| **Marvin Cabrera** | $760.00 | $2,280.00 (x3) | $172.00 |
| **Feliza Chico Mendoza** | $2,959.50 | $8,878.50 (x3) | $221.05 |
|  | **$6,694.50** | **$16,849.50** | **$1,130.65** |
|  |  | Total damages (all three columns): **$24,674.65** | |

3

**III.**     **Conclusion**

The Court, therefore, ORDERS that:

1. Plaintiffs' Motion to Alter Judgment is GRANTED; and

2. Judgment is hereby ENTERED against Defendant Arcardia E. Rosales in the following amounts: $8,202.00 in favor of Plaintiff Francisco Barahona; $1,201.60 in favor of Plaintiff Juan Carlos Ramirez; $3,212.00 in favor of Plaintiff Marvin Cabrera; $12,059.05 in favor of Plaintiff Feliza Chico Mendoza; and $14,921.06 in attorney fees for an aggregate sum of $39,595.71.

**SO ORDERED.**

                                               _James E. Boasberg_
                                               JAMES E. BOASBERG
                                               United States District Judge

Date:   September 26, 2016