UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDUARDO DUBON MARTINEZ et al. ) ) Plaintiffs, ) ) v. ) ) ASIAN 328, LLC et al. ) ) Defendants. ) ) | Case No. 15-cv-1071 (GMH) |

## MEMORANDUM OPINION

Before the Court are Plaintiffs' Motion for Judgment on the Verdict [Dkt. 91], Defendants' Response in Opposition to Plaintiffs' Motion for Judgment on the Verdict [Dkt. 92], and Plaintiffs' Reply in Support of Plaintiffs' Motion for Judgment the Verdict [Dkt. 93], all filed pursuant to the Court's Minute Order requesting that the parties brief their positions on the calculation of damages in light of the jury's verdict in this case. *See* 11/17/2016 Minute Order. Upon consideration of the parties' briefs and the entire record herein,[1] the Court will grant Plaintiff's Motion and enter a Judgment against Defendants in the following amounts: (1) $96,200.12 in favor of Plaintiff Eduardo Martinez; (2) $43,055.08 in favor of Plaintiff Erik Amaya; and (3) $16,091.28 in favor of Plaintiff Marlin Sanchez.

---

[1] The relevant docket entries for the purposes of this Memorandum Opinion are: (1) Plaintiffs' Amended Complaint ("Compl.") [Dkt. 27]; (2) the Jury's Verdict Form ("Verdict") [Dkt. 87]; (3) Plaintiffs' Motion for Judgment on the Verdict ("Pl. Mot.") [Dkt. 91]; (4) Exhibit C, Plaintiff's Calculation of Damages ("Pl. Calc.") [Dkt. 91-3]; (5) Defendants' Memorandum in Opposition to Plaintiff's Motion for Judgment on the Verdict ("Def. Resp.") [Dkt. 92]; and (5) Plaintiffs' Reply in Support of Plaintiffs' Motion for Judgment on the Verdict ("Pl. Repl.") [Dkt. 93]. All citations herein to pages numbers within a particular document will be to the docket page numbers for that document, not to the internal page numbers on the document itself.

**BACKGROUND**

Plaintiffs Eduardo Martinez, Erik Amaya, and Marlin Sanchez (collectively "Plaintiffs") filed this action against Defendants Asian 328, LLC and Ling Chun Zheng (collectively "Defendants") under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.* *See* Compl. at ¶¶ 2, 71, 78. Defendant Asian 328, LLC, through its owner, Defendant Zheng, operates a Washington, D.C. restaurant known as "Asia 54." *Id.* at ¶¶ 6–10. At overlapping times, Plaintiffs worked at Defendants' restaurant as kitchen laborers. *Id.* at ¶¶ 11, 12, 24, 25, 36, 37. In their Amended Complaint, Plaintiffs alleged that Defendants knowingly and willfully failed to pay them minimum and overtime wages as required by the FLSA and DCWPCL. *Id.* at ¶ 2.

A jury trial on this matter was held from November 15 to November 17, 2016. After a period of deliberation, the jury returned a verdict finding Defendants liable to each of the Plaintiffs for unpaid minimum and overtime wages under both the FLSA and DCWPCL. *See* Verdict at 1, 3, 6. The jury also provided week-by-week determinations of the actual hours worked by, and wages paid to, each of the three Plaintiffs over the periods of time during which Defendants employed them. *Id.* at 2, 4–5, 7–8. Specifically, the jury found that: (1) Plaintiff Eduardo Martinez worked for Defendants from the week of June 30, 2014 to the week of June 8, 2015; (2) Plaintiff Erik Amaya worked for Defendants from the week of March 31, 2014 to the week of June 30, 2014, and again from the week of March 2, 2015 to the week of September 28, 2015; and (3) Plaintiff Marlin Sanchez worked for Defendants from the week of December 29, 2014 to the week of February 23, 2015. *Id.* After the jury returned its verdict, and pursuant to the Court's post-trial briefing schedule, Plaintiffs' filed the instant Motion for Judgment on the Verdict on November 19, 2016. *See* Pl. Mot. Defendants filed a memorandum in opposition to Plaintiffs' motion, *see* Def. Resp., and Plaintiffs filed a reply. *See* Pl. Repl. This matter is now ripe for resolution.

## ANALYSIS

**A.     Wages**

Plaintiffs bring this suit, in part, under the FLSA, which requires covered employers to pay employees a minimum wage of $ 7.25 an hour.  *See* 29 U.S.C. § 206(a)(1)(C).  The FLSA also provides, however, that its provision requiring employers to pay a minimum wage of $7.25 an hour will not "excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage" set by the FLSA.  29 U.S.C. § 218(a).  In the District of Columbia, the minimum wage is established by the District of Columbia Minimum Wage Revision Act ("DCMWA"), which provides that, "as of January 1, 2006, the minimum wage required to be paid to any employee by any employer in the District of Columbia shall be $7 an hour, or the minimum wage set by the United States government pursuant to the [FLSA], plus $1, whichever is greater."  D.C. Code § 32-1003(a)(2).  The DCMWA further states that, "as of July 1, 2014, the minimum wage required to be paid to any employee by any employer . . . shall be $9.50 an hour," and, "as of July 1, 2015, the minimum wage required to be paid to any employee by any employer . . . shall be $10.50 an hour . . . ."  *Id.*, § 32-1003(a)(3)–(4).  Finally, the DCMWA permits employees who are not paid the appropriate minimum wage to bring a civil action against their employer in accordance with the DCWPCL, which Defendants did here.  *See id.*, § 32-1012(a) (citing D.C. Code § 32-1308).

Additionally, both the FLSA and DCWPCL – again by way of the DCMWA, *see id.* – provide employees with a cause of action against employers who fail to pay them overtime wages for any hours worked over forty in a workweek.  Specifically, the FLSA states that no covered "employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C.

3

§ 207(a)(1). Likewise, an employee may bring a civil action against an employer in the District of Columbia under the DCWPCL if the employer fails to pay the employee "compensation for employment in excess of [forty] hours at a rate not less than [one and one-half] times the regular rate at which the employee is employed." D.C. Code §§ 32-1003(c), 32-1012(a).

Plaintiffs alleged, and the jury determined, that Defendants failed to pay them both their minimum and overtime wages pursuant to the provisions of the FLSA and DCWPCL. Rather than instruct the jury to calculate the amount of unpaid wages Defendants owed Plaintiffs, the Court instructed the jury to determine Plaintiffs' actual paid wages and hours worked. These factual conclusions would provide the Court with sufficient information to calculate the amount of unpaid wages due to each Plaintiff based on the application of rote arithmetic formulas. While Defendants objected to, and continue to object to, the Court's decision to remove the mathematic calculation of unpaid wages from the province of the jury, *see* Def. Resp., the undersigned notes that Defendants' have no Seventh Amendment right to have the jury "perform a formulaic or mathematical calculation of damages." *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1022–23 (6th Cir. 2016); *see also Wallace v. FedEx Corp.*, 764 F.3d 571, 591 (6th Cir. 2014) ("[A] court may render judgment as a matter of law as to some portion of a jury award if it is compelled by a legal rule or if there can be no genuine issue as to the correct calculation of damages." (internal citation and quotation omitted)); *Maliza v. 2001 MAR-OS Fashion, Inc.*, No. CV-07-463, 2010 WL 502955, at *1 (E.D.N.Y. Feb. 10, 2010) (instructing the jury in an FLSA case to determine plaintiff's actual hours-worked and wages, and then completing "the arithmetic task of computing the shortfalls, if any, in the wages paid to the plaintiff during the time periods in question"). Indeed, to date, Defendants have not raised any objection to the *accuracy* of the mathematical formulas proposed by Plaintiffs and contemplated by the Court; their objection centers solely on the Court applying the formula in place of the jury. *See* Def. Resp.

Accordingly, and having reviewed both Plaintiffs' and Defendants' briefing on the matter, the Court now adopts Plaintiffs' proposed computational methodology. That is, the Court will calculate the unpaid wages that Plaintiffs are entitled to by subtracting their actual payments from their proper payments. The Plaintiffs' actual payments and hours worked per week during their employment with Defendants have already been determined by the jury. *See* Verdict at 1–8. Their proper payments will be determined by the undersigned by multiplying all hours worked per week up to and including forty hours by the appropriate minimum wage given the date of Plaintiffs' employment and adding that to their overtime wages, which will be calculated by multiplying all hours worked in excess of forty hours per week by the appropriate minimum wage given the date of Plaintiffs' employment and multiplying that number by 1.5. *See* Pl. Mot. at 4–5. The Court will also adopt Plaintiffs' proposal to use the lower minimum wage for the entire week when the DCWMA increased the minimum wage in the middle of a workweek. *See id.* at 5. Based on the above, the Court will now evaluate damages as they relate to each Plaintiff.

    1.    <u>Plaintiff Eduardo Martinez</u>

Plaintiff Martinez is entitled to $24,050.03 in damages for unpaid minimum and overtime wages, earned across two minimum-wage periods. During the week of June 30, 2014, when Plaintiff Martinez first began working for Defendants, he worked 64 hours and the applicable minimum wage was $8.25 per hour. *See* Verdict at 7; *see also* D.C. Code § 32-1003(a)(2). Plaintiff therefore should have received the following wages:

Minimum Wage:    40 hours * $8.25/hour = $330;

Overtime Wage:    24 hours * $8.25/hour * 1.5 = $297;

Total Wages:    $330 + $297 = $627.

During this period, however, Defendants paid Plaintiff Martinez $275.70, meaning Defendants owe Plaintiff Martinez $351.30 in unpaid wages for his work between June 30 and July 6, 2014. *See* Verdict at 7.

From the week of July 7, 2014 to the week of June 8, 2015, when Plaintiff Martinez stopped working for Defendants, he worked 75 hours per week for 49 consecutive weeks and the applicable minimum wage was $9.50 per hour. *See id.* at 7–8; *see also* D.C. Code § 32-1003(a)(3). Plaintiff therefore should have received the following wages:

    Minimum Wage:    40 hours * $9.50/hour = $380 * 49 weeks = $18,620;

    Overtime Wage:    35 hours * $9.50/hour * 1.5 = $498.75 * 49 weeks = $24,438.75;

    Total Wages:    $18,620 + $24,438.75 = $43,058.75.

During this period, however, Defendants paid Plaintiff Martinez $19,360.02, meaning Defendants owe Plaintiff Martinez $23,698.73 in unpaid wages for work between the weeks of July 7, 2014 and June 8, 2015. *See* Verdict at 7–8. Accordingly, in total, Defendants owe Plaintiff Martinez $24,050.03 in unpaid wages for his entire period of employment.

    2.    <u>Plaintiff Erik Amaya</u>

Plaintiff Amaya is entitled to $10,763.77 in damages for unpaid minimum and overtime wages, earned across three minimum-wage periods. From the week of March 31, 2014, when Plaintiff Amaya first began working for Defendants, to the week of June 30, 2014, when Plaintiff Amaya stopped working for Defendants for the first time, he worked 48 hours his first week, 12 hours his final week, and 60 hours per week for the 12 weeks in between. *See* Verdict at 4. The applicable minimum wage at that time was $8.25 per hour. *See* D.C. Code § 32-1003(a)(2). Plaintiff therefore should have received the following wages:

    Minimum Wage:    40 hours * $8.25/hour = $330 * 13 weeks = $4,290;

                                 12 hours * $8.25/hour = $99;

| | |
|---|---|
| Overtime Wage: | 8 hours * $8.25/hour * 1.5 = $99; |
| | 20 hours * $8.25/hour * 1.5 = $247.50 * 12 weeks = $2,970 |
| Total Wages: | $4,290 + $99 + $99 + $2,970 = $7,458 |

During this period, however, Defendants paid Plaintiff Amaya $4,799.40, meaning Defendants owe Plaintiff Amaya $2,658.60 in unpaid wages for work between the weeks of March 31, 2014 and June 30, 2014. *See* Verdict at 4.

From the week of March 2, 2015, when Plaintiff Amaya started working for Defendants again, to the week of June 29, 2015, he worked 60 hours per week for 18 weeks and the applicable minimum wage at that time was $9.50 per hour. *See* Verdict at 4–5; *see also* D.C. Code § 32-1003(a)(3). Plaintiff therefore should have received the following wages:

| | |
|---|---|
| Minimum Wage: | 40 hours * 9.50/hour = $380 * 18 weeks = $6,840; |
| Overtime Wage: | 20 hours * 9.50/hour * 1.5 = $285 * 18 weeks = $5,130; |
| Total Wages: | $6,840 + $5,130 = $11,970. |

During this period, however, Defendants paid Plaintiff Amaya $7,684.02, meaning Defendants owe Plaintiff Amaya $4,285.98 in unpaid wages for work between the weeks of March 2, 2015 and June 29, 2015. *See* Verdict at 4–5.

From the week of July 6, 2015 to the week September 28, 2015, when Plaintiff Amaya stopped working for Defendants for the last time, he worked 60 hours per week for the first 12 weeks and 36 hours for the final week. *See* Verdict at 5. The applicable minimum wage at that time was $10.50 per hour. *See* D.C. Code § 32-1003(a)(4). Plaintiff therefore should have received the following wages:

| | |
|---|---|
| Minimum Wage: | 40 hours * $10.50/hour = $420 * 12 weeks = $5,040; |
| | 36 hours * 10.50/hour = $378; |
| Overtime Wage: | 20 hours * $10.50/hour * 1.5 = $315 * 12 weeks = $3,780 |

7

      Total Wages:        $5,040 + $378 + $43,780 = $9,198.

During this period, however, Defendants paid Plaintiff Amaya $5,378.81, meaning Defendants owe Plaintiff Amaya $3,819.19 in unpaid wages for work between the weeks of July 6, 2015 and September 28, 2015. *See* Verdict at 5. Accordingly, in total, Defendants owe Plaintiff Amaya $10,763.77 in unpaid wages for his entire period of employment.[2]

      3.      <u>Plaintiff Marlin Sanchez</u>

Plaintiff Sanchez is entitled to $4,022.82 in damages for unpaid minimum and overtime wages, earned across one minimum-wage period. From the week of December 29, 2014, when Plaintiff Sanchez began working for Defendants, to the week of February 23, 2015, when Plaintiff Sanchez stopped working for Defendants, he worked 47 hours his first week, 58 hours his final week, and 70 hours per week for the 7 weeks in between. *See* Verdict at 2. The applicable minimum wage at that time was $9.50 per hour. *See* D.C. Code § 32-1003(a)(3). Plaintiff Sanchez therefore should have received the following wages:

    Minimum Wage:    40 hours * $9.50/hour = $380 * 9 weeks = $3,420;

    Overtime Wage:    7 hours * $9.50/hour * 1.5 = $99.75

                            30 hours * $9.50/hour * 1.5 = $427.50 * 7 weeks = $2,992.50

                            18 hours * $9.50/hour * 1.5 = $256.50

    Total Wages:       $3,420 + $99.75 + $2,992.50 + $256.50 = $6,768.75

---

[2] In their Motion for Judgment on the Verdict, Plaintiffs' counsel miscalculated Plaintiff Amaya's unpaid wages. The jury found that Plaintiff Amaya's second period of employment at Defendants' restaurant spanned from the week of March 2, 2015 to the week of September 28, 2015. *See* Verdict at 4–5. Plaintiffs' motion, however, erroneously lists his second period of employment at Defendants' restaurant as ending on the week of September 21, 2015, which decreased his damages for unpaid wages by $308.11. *See* Pl. Calc. at 2.

During this period, however, Defendants paid Plaintiff Sanchez $2,745.93, meaning Defendants owe him $4,022.82 in unpaid wages for work between the weeks of December 29, 2014 and February 23, 2015. *See* Verdict at 2.

**B.      Penalties**

In addition to their actual unpaid minimum and overtime wages, Plaintiffs seek a multiplier as liquidated damages and intend to seek attorney's fees as well. *See* Pl. Mot. at 3–5.

1.      Liquidated Damages

Both the FLSA and DCWPCL provide for liquidated damages in the event that an employer is found to be in violation of the statutes. *See* 92 U.S.C. § 216(b); *see also* D.C. Code § 32-1303(4). Because the DCWPCL, which provides for greater liquidated damages than the FLSA, "is more generous to employees on the relevant points, the Court will first assess damages under D.C. law and will not award a duplicative amount pursuant to federal law." *See Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 104 (D.D.C. 2015) (citing 29 C.F.R. § 778.5).

The DCWPCL provides, in pertinent part, that an employer who does not pay the proper minimum and overtime wages "shall pay, or be additionally liable to, the employee, as liquidated damages, . . . an amount equal to treble the unpaid wages." D.C. Code § 32-1303(4). As this Court has recently explained, the liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages. *See Barahona v. Rosales*, 15-CV-1381 (JEB), ECF No. 21 (D.D.C. Sept. 26, 2016). Accordingly, the Court calculates damages with respect to each Plaintiff as follows.

|                  | Actual unpaid wages | Liquidated damages | Total damages |
|------------------|---------------------|--------------------|---------------|
| Eduardo Martinez | $24,050.03          | $72,150.09         | $96,200.12    |
| Erik Amaya       | $10,763.77          | $32,291.31         | $43,055.08    |
| Marlin Sanchez   | $4,022.82           | $12,068.46         | $16,091.28    |
|                  |                     | **Total Damages:** | **$155,346.48** |

      2.    <u>Attorney's Fees</u>

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In their instant motion, Plaintiffs request that the undersigned issue a briefing schedule for their forthcoming motion for such fees, expenses, and costs. *See* Pl. Mot. at 5. Accordingly, the undersigned instructs that any motion for attorney's fees or costs shall be filed by Plaintiffs on or before December 20, 2016. Defendants' response shall be filed on or before January 3, 2017. Plaintiffs' reply, if any, shall be filed on or before January 10, 2017.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Judgment on the Verdict [Dkt. 91] will be **GRANTED** in accordance with the damages calculation provided above.

An appropriate Order will accompany this Memorandum Opinion.

Date: December 8, 2016

                                                                G. MICHAEL HARVEY
                                                                UNITED STATES MAGISTRATE JUDGE